STEFAN AND JANA PROSEK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Prosek v. Commissioner
Docket No. 14649-91
United States Tax Court
T.C. Memo 1994-67; 1994 Tax Ct. Memo LEXIS 65; 67 T.C.M. (CCH) 2197; February 22, 1994, Filed *65 Stefan and Jana Prosek, pro se. For respondent: Jeffrey D. Davine. GERBER
GERBER
MEMORANDUM OPINION GERBER, Judge: Respondent moved for sanctions because of petitioners' failure to comply with Court orders and to properly prosecute and pursue their cause of action. By order dated August 25, 1993, respondent's motion was granted, and income tax deficiencies in reduced amounts and additions to tax under section 6661 [1] were determined for each of the taxable years 1985, 1986, 1987, and 1988. An addition to tax under section 6651(a)(1) was also determined for the 1988 taxable year. Respondent had also determined additions to tax for fraud pursuant to section 6653(b)(1) and (2) for 1985, section 6653(b)(1)(A) and (B) for the years 1986 and 1987, and section 6653(b)(1) for 1988 that were not resolved by our August 25, 1993, order. Petitioners *66 failed to appear at trial, and respondent moves that we find that her burden with respect to the additions to tax under section 6653(b) was carried by means of deemed admissions. [2] Respondent contends that the deemed admitted facts establish that the entire understatement of tax in each year was due to fraud. Facts Deemed Admitted
Petitioners' legal residence was in Panorama City, California, at the time the petition was filed in this case. During the taxable years in issue petitioners operated gasoline filling stations in the Santa Monica and Inglewood areas. Petitioners used the cash receipts and disbursements method of accounting to compute and report their income. Petitioners' 1985 through 1988 income tax returns were prepared by Ms. Freddie Cranston (Cranston) from information provided by petitioners. Each year petitioners provided Cranston with an 8-1/2- by 11-inch "spiral" notebook and an additional sheet of paper containing information. *67 Cranston prepared each of the four returns in question from this information. During 1985 the California State Board of Equalization (SBE) was in the process of determining that petitioners failed to pay State sales tax on the fuel being sold at their gasoline stations. A report of audit by the SBE determined that there was additional liability for sales tax and that the underpayment was due to fraud. During respondent's audit, petitioners provided certain books and records and a purported summary of same. The summary document was misleading. These books and records were different from the spiral notebooks provided to Cranston for income tax return preparation. Petitioners' books and records were incomplete, and there were no invoices or other documents accurately showing the retail pricing, cost, or volume of fuel purchased and sold. Petitioners' gross receipts per their books, although incomplete, exceeded the gross receipts reported in their Federal income tax returns as follows: Taxable Year
Per Return
Per Records 1985
$ 436,259
$ 1,337,918
1986
922,429
1,381,759
1987
1,690,708
2,241,907
1988
1,637,381
2,003,567
Totals
4,686,777
6,965,151
In *68 a similar manner, petitioners' books reflected a different amount of cost of goods sold and expenses to comport with the understated gross receipts. Due to the understated gross receipts and cost of goods sold, petitioner's income tax returns understated gross income in the net amounts of $ 148,147, $ 201,521, $ 521,200, and $ 322,406 for the taxable years 1985, 1986, 1987, and 1988, respectively. Petitioners learned how to understate their gross receipts and cost of goods sold for State and Federal tax return purposes from the prior owner of the gasoline stations. The factual allegations deemed admitted under Rule 91(f) establish that petitioners had substantial unreported income for the years in issue. With respect to the additions to tax for fraud pursuant to section 6653(b)(1) and (2) for 1985, section 6653(b)(1)(A) and (B) for the years 1986 and 1987, and section 6653(b)(1) for 1988, respondent bears the burden of proving fraud by clear and convincing evidence. Rule 142(b). Respondent's burden is to establish that petitioners intended to evade taxes known to be owing by proving conduct designed to conceal, mislead, or otherwise prevent the collection of such taxes. , *69 affg. . Respondent's burden of proving fraud can be met by facts established through deemed admissions. , affd. without published opinion . Based on the deemed admissions, we conclude that the omissions of gross receipts and the resultant understatements of tax by petitioners for the taxable years 1985, 1986, 1987, and 1988 were fraudulent with the intent to evade tax and satisfy respondent's burden to establish fraud by clear and convincing evidence. To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. Section references are to the Internal Revenue Code in effect for the tax years under consideration. Rule references are to this Court's Rules of Practice and Procedure.↩
2. We treat respondent's motion as one for summary judgment.↩